***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon review of the evidence finds good grounds to reopen the record for receipt of additional evidence and to remand this case to the Deputy Commissioner section for the gathering of additional evidence.
 ***********
Pursuant to an Opinion and Award of the Full Commission issued on 27 August 2004, the Full Commission determined that Plaintiff contracted the occupational diseases of recurrent bilateral carpal tunnel syndrome and rotator cuff/supraspinatus tendonosis of her right shoulder due to causes and conditions characteristic of and peculiar to her employment with Defendant- *Page 2 
Employer that were not ordinary diseases of life to which the general public not so employed was equally exposed. The Full Commission further found that Plaintiff suffered a specific traumatic incident to her neck that materially aggravated her preexisting degenerative disc disease and cervical spondylosis on or about 1 May 2000.
In its Opinion and Award filed on 27 August 2004, the Full Commission ordered Defendants to pay to Plaintiff temporary total disability benefits from 1 July 2000 through 28 August 2000, and from 24 August 2001 through 29 November 2001, when she was released to return to work for Defendant-Employer with restrictions of lifting no more than 20 pounds and limited elevation of her arm above shoulder level for a period of 3 months. In February 2002, Plaintiff was released to full-duty work with no permanent work restrictions. After being released to full-duty work, Plaintiff returned to her original position with Defendant-Employer.
Plaintiff returned to Dr. Stephen Furr in June 2002, complaining of right arm, shoulder and neck pain. Dr. Furr ordered an MRI of the right shoulder, which revealed hypertrophic degenerative changes in the AC joint. Dr. Furr referred Plaintiff to Dr. Robert Wilson for treatment.
Dr. Wilson examined Plaintiff on 2 August 2002, and gave Plaintiff an epidural steroid injection to determine whether Plaintiff's pain was due to degenerative disk disease of the neck or was of a muscular origin in her shoulder area. Plaintiff did not return to see Dr. Wilson for further follow-up treatment, and Dr. Wilson was unable to definitely diagnose her symptoms.
Plaintiff returned to Dr. Furr on 19 August 2002, reporting that the epidural steroid injection had not significantly improved her symptoms. Dr. Furr recommended physical therapy, which Plaintiff underwent for a brief period of time, but later terminated the sessions reporting that the therapy did not significantly improve her symptoms. Dr. Furr recommended further *Page 3 
testing and a referral to Dr. Ranjan Roy for further treatment. Plaintiff did not undergo any further testing with Dr. Furr or further treatment with Dr. Roy. Plaintiff did not seek medical treatment in 2003.
Between 19 May 2003 and 15 October 2003, Plaintiff was out of work as a result of temporary layoffs due to decreased production at Defendant-Employer's plant. While on layoff, Plaintiff received unemployment benefits. On 15 October 2003, plaintiff was permanently laid off. Plaintiff collected unemployment benefits between 18 October 2003 and 27 March 2004.
After being laid off by Defendant-Employer, Plaintiff filed a Form 28U, requesting that her disability compensation be reinstated on or around 1 March 2004, stating that she was physically unable to work. Defendants denied that Plaintiff's present medical condition is causally related to her prior compensable injury. Defendants further contend that Plaintiff is not disabled and is only out of work due to closure of the plant where she was employed.
The case was heard before Deputy Commissioner John B. DeLuca on 28 September 2005, on Plaintiff's claim for additional compensation. Deputy Commissioner DeLuca issued an Opinion and Award on 19 December 2006, denying benefits for Plaintiff. Subsequently, Plaintiff filed notice of appeal to the Full Commission on 20 December 2006.
On appeal to the Full Commission, Defendants argued that if it is determined that Plaintiff is disabled as the result of a compensable injury or condition, the disability occurred after the period of coverage for The Phoenix Insurance Company (hereinafter Phoenix), which ended on 30 July 2000. Therefore, Phoenix would not be liable for any disability after 30 July 2000. Defendants further argued that Plaintiff's pronator syndrome was diagnosed 8 June 2006, and if it is determined that this condition is compensable, Phoenix would not be the carrier at risk for this condition. *Page 4 
The parties have stipulated that the period of coverage for Phoenix ended 30 July 2000. On 15 June 2007, Plaintiff's counsel submitted correspondence to the Commission advising that he had spoken to Defendants' counsel concerning the issue of which insurance carrier was on the risk as of 1 August 2000, and Defendants' counsel advised that she would investigate the matter and advise accordingly. Plaintiff's counsel is actively seeking to add the carrier on the risk after July 2000, as a defendant in this matter.
Based upon good grounds shown, IT IS HEREBY ORDERED that the record is reopened and the matter is remanded to the Deputy Commissioner section to add the carrier(s) on the risk after 30 July 2000, as party defendants when this information is obtained. The parties are hereby given the option of stipulating to the prior evidence of record and supplementing this prior evidence with additional deposition testimony, or conducting a de novo hearing before the Deputy Commissioner with the new carrier(s) on the risk.
This the ___ day of June 2007.
 S/_______________
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
S/_______________ LAURA K. MAVRETIC COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER *Page 1